IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CATHERINE RAMO,

    Plaintiff,

CASE NO.: 5:17-CV-48-Oc-40 PRL

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, a foreign corporation,

    Defendant.
_____/

## DEFENDANT-STATE FARM'S NOTICE OF REMOVAL

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** ("State Farm"), files this Notice of Removal of the above-styled cause pursuant to 28 *U.S.C.* §1332 and § 1446, from the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida, in which this action is pending, to the United States District Court, Middle District of Florida, and show unto this Court the following:

1.    Plaintiff, CATHERINE RAMO ("Ramo"), originally filed an action for damages in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida, Case No. 2017-CA-000013 on January 3, 2017.

2.    Ramo alleges that she was involved in a motor vehicle accident that occurred on July 9, 2014, involving an uninsured/underinsured motorist. As a result, Ramo contends that she is entitled to recover against State Farm, an Illinois company that provided Uninsured/Underinsured coverage pursuant to Policy No. C06 9540-E03-59J.

Ramo's action constitutes a direct action against State Farm and is thus subject to removal.

3. Written notice of the filing of this Notice of Removal, has been given to Ramo through her attorney of record, Daniel E. Smith II, Esq., 730 Vassar St., Orlando, FL, 32804 on this day.

4. A copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida.

5. State Farm files with this Notice of Removal true and correct copies of all pleadings served and filed in the above-captioned state action. (See Composite Exhibit "A")

6. This Notice of Removal is filed by State Farm within thirty (30) days of Ramo effecting service of process upon State Farm's Florida Resident Agent. Ramo's Complaint was filed on or about January, 3, 2017, and a copy of Ramo's Complaint was served upon State Farm on or about January 19, 2017.

7. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over civil actions when the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. This action is one in which this Court has original jurisdiction since it involves a controversy exclusively between citizens of different states and since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332.

8. At the commencement of this action, and at the time of filing this Notice of Removal, State Farm was and is an Illinois corporation existing under the laws of the

State of Illinois, having its principal place of business in Illinois, and is therefore a citizen of the State of Illinois authorized to conduct business in the State of Florida.[1]

9.  Upon information and belief, Ramo is a resident and citizen of the State of Florida.

10. As a result of Ramo being a citizen of the State of Florida and State Farm being a citizen of the State of Illinois, there is complete diversity of citizenship between all parties.

11. There are no other parties, Defendants or otherwise, in this action.

12. Ramo's Complaint filed in state court and first served on State Farm on January 19, 2017, alleges damages in excess of $15,000.00. Ramo's complaint further alleges complaint further alleges that the at-fault driver[2] was an uninsured and/or underinsured motorist[3], thus triggering Ramo's State Farm UM/UIM policy of insurance.

13. In addition, Ramo, through her counsel of record, filed a Civil Remedy Notice[4] of insurer violation with the Florida Department of Financial Services claiming that State committed a violation by failing to settle the $250,000 in UM/UIM coverage. Ramo carries $250,000 per person per accident in policy limits with State Farm, and currently has over $130,000 in gross medical bills after having undergone a hip replacement surgery that she alleges is causally related to the accident. Therefore, it can

---

[1] See printout from Florida Department of State, Division of Corporations reflecting that State Farm was organized under the laws of the State of Illinois and is authorized to do business in the State of Florida. See Exhibit "B".
[2] While not names in Ramo's Complaint, the at-fault driver is one Margaret Anne O'Keefe ("O'Keefe")
[3] O'Keefe carried a $15,000 policy of insurance for bodily injury coverage
[4] See Civil Remedies Notice Exhibit "C".

be ascertained that the case meets the requisite amount in controversy of $75,000.00 and the case is removable under 28 U.S.C. §1446(b) and § 1332(a).

14.  As additional support for the removal of the case regarding the amount in controversy,[5] State Farm would show that:

(A) Ramo claims that the accident caused injuries, including a hip replacement surgery, that are alleged to be permanent in nature.

(B) Ramo is also alleging neck injuries, back injuries, anterolisthesis of C4 over C5 and C6, and annular bulging.

(C) Ramo is alleging both economic and non-economic damages (i.e., pain and suffering) as a result of the accident.

(D) Ramo is alleging that approximately $131,000[6] in past gross medical bills are related to the accident, and that she will have the need to continued and ongoing future treatment.

15.  In paragraph 7 of Ramo's complaint, her injuries are described, as follows:

> [A]s a direct and proximate result of the Underinsured's negligence, Plaintiff was injured in and about her body and extremities, suffered pain there from, insured medical treatment for such injuries, suffered physical handicap, disability and lost wages, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and aggravation of previously existing conditions. One or more of his injuries or disabilities, are either permanent or continuing in their nature within reasonable medical probability. The

---

[5] State Farm disagrees that the case is "worth" $75,000 and certainly State Farm's request to remove the case to Federal Court is not an admission regarding value. Having said this, the request for removal is premised on the fact that conceptually the case could potentially have a value in excess of $75,000.

[6] This is the gross amount of the bills. There is an offset of $15,000 for Ramo's PIP and MPC, and $15,000 for O'Keefe's BI settlement. While Ramo is also a Medicare recipient, the information State Farm currently has in its possession indicates that treatment Ramo underwent was not billed to her Medicare.

Plaintiff will suffer from such losses and impairment in the future.

16. Based on the nature of the injuries, the hip replacement surgery that Ramo alleges is causally related to the accident, and the current amount of the alleged past medical bills, it is conceivable for federal removal purposes (although State Farm disputes the value of the claim) that a jury could render a GROSS verdict in excess of $75,000.

17. In addition, federal courts have found that evidence of total past medical bills and a demand[7] by a Plaintiff for a settlement in an amount more than $75,000 constitutes sufficient evidence to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirements.[8]

18. In May 22, 2013, a Federal Middle District of Florida jury awarded a plaintiff, $269,460.00, where the plaintiff's personal injuries included a brain injury and a right leg fracture requiring orthopedic surgery and physical, occupational and cognitive therapy.[9]

19. In 2010, an Indian River County, FL jury awarded a plaintiff, $460,000; where the plaintiff's personal injuries included a torn right rotator cuff and a fracture of the left femur as a result of the collision. He underwent surgery to his right shoulder, as well as open reduction and internal fixation of the femur fracture. The plaintiff, age 53 at

---

[7] In addition to filing a CRN, Ramo served State Farm with two (2) Demand Letters, one on February 16, 2015, and the second on September 23, 2015. Both letters demanded tender of the $250,000 UM/UIM policies. These letters are attached as Composite Exhibit "D".
[8] *See Fischer v. State Farm Mut. Auto. Ins. Co.*, 2011WL573836 (S.D. Fla. Feb. 15, 2011) and *Bowen v. State Farm Mut. Auto. Ins. Co.* 2011WL1257470 (M.D. Fla. March 29, 2010).
[9] See *Felker v. Zampattil*, JVR No. 1307160024 (2013)

the time of the collision, returned to his employment as a police officer following the accident and did not make a claim for loss of future wages.[10]

20. These jury verdicts which involve similar claims and/or medical bills suggest (although State Farm disputes it) that Ramo's claim could have a net verdict value of $75,000 or more.[11] Certainly, the Court can rely on its knowledge and experience:

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. *Id.* at 771. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id.* (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").
>
> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. **Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount."** *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F.Supp.2d 995, 999 (M.D.Ala.2009)); *see also Williams*, 269 F.3d at 1319 (11th Cir.2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a

---

[10] *Plats v. Servicemaster Consumer Services, Inc., Et. Al.*, 21 Fla. J.V.R.A. 3:6, 2010 WL 9445839 (2010)
[11] A point not lost on Plaintiff's counsel having filed a Civil Remedies Notice.

complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits. *Roe v Michelin North America, Inc.*, (613 F.3d 1058, 1061-62 (11th Cir. 2010).[12]

21. Based on the foregoing, State Farm submits that removal of this action is authorized under 28 *U.S.C.* § 1332 and § 1441 because of diversity of citizenship and the fact that there is at least $75,000 in controversy. *See e.g., Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir. 1988):

> We begin by addressing Myers's claim that there is no diversity of citizenship jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(c) (1982). *As the district court properly determined, this lawsuit is not a direct action within the meaning of section 1332(c).* Myers, as an injured third party, brings this suit based on State Farm's failure to settle [the UM claim] within the policy limits and not, as contemplated by section 1332(c), as a result of State Farm's status as "payor of a judgment based on the negligence of one of its insureds." *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir.1979); *accord Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir.1985) ("*unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action*"); *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901-02 (9th Cir.1982). State Farm is incorporated and has its principal place of business in the state of Illinois. It therefore is deemed a citizen of that state for purposes of determining diversity. Since Myers is a citizen of Pennsylvania, federal subject matter jurisdiction exists over this action. (emphasis added).

---

[12] *See also Scott v. Home Depot U.S.A., Inc.*, 2012 WL 86986 (S.D. Fla. January 11, 2012) ("District courts must make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleading to determine whether it is facially apparent that a case is removable"...[and] may employ its own judicial experience or common sense to discern whether a complaint establishes the jurisdictional amount in controversy required for removal").

WHEREFORE, State Farm respectfully requests this Honorable Court take jurisdiction of this action, and that the removal of this cause to this Court be effectuated.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been sent by E-mail this February 1, 2017, to: **DANIEL E. SMITH, ESQ.**, 730 Vassar St., Orlando, FL, 32804 (dansmith@coyelaw.com; litigation@coyesmith.com).

_____
THOMAS "KEVIN" KNIGHT
Fla Bar No: 318892
**WESLEY PAGE**
Fla Bar No: 85183
de Beaubien, Simmons, Knight,
Mantzaris & Neal, LLP
332 N. Magnolia Avenue
Orlando, FL 32801
(407) 992-3520 Asst Direct: (407) 992-3537
Fax No: (407) 422-0970
kknight@dsklawgroup.com;
wpage@dsklawgroup.com;
elamb@dsklawgroup.com
Attorneys for State Farm